O

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT - 9 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS A. ROMERO,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE,<br><br>    Respondent. | Case No. CV 14-7615 AG (JCG)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND DENYING CERTIFICATE OF APPEALABILITY** |

    On October 1, 2014, petitioner Luis A. Romero ("Petitioner"), in state custody and proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). Therein, Petitioner challenges his sentencing court's imposition of a restitution fine.

    However, as a rule, a district court may *only* entertain a habeas petition by a state prisoner "on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). And the Ninth Circuit has explicitly held that a challenge to a restitution fine does not challenge a petitioner's "custody," and is therefore insufficient to confer federal habeas jurisdiction. *Bailey v. Hill*, 599 F.3d 976, 980 (9th Cir. 2010) ("2254(a) does not confer jurisdiction over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence.").

    Nor does it matter that Petitioner partially frames his challenge to the restitution

fine as an ineffective assistance of counsel claim. *See Bailey*, 599 F.3d at 978, 984 (no habeas jurisdiction for claim that counsel provided ineffective assistance by failing to object to imposition of restitution fine); *see also United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002) (no habeas jurisdiction for restitution claim couched in terms of ineffective assistance).

As such, Petitioner's claim is not cognizable on federal habeas review, and this Court lacks subject matter jurisdiction.

For the foregoing reasons, **IT IS ORDERED** that this action be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS FURTHER ORDERED** that a certificate of appealability be **DENIED** because Petitioner has not shown that jurists of reason would find it debatable whether this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 9, 2014

HON. ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE